## BRAMLETTE ET AL. *v.* JOSEPH.

[71 South. 643.]

1. BANKS AND BANKING. *Directors. Statutory liability. Pleading.*
    Code 1892, section 851, expressly provides that it shall be unlawful for a bank of deposit to lend a sum greater than one-fifth of its capital stock to any one person or firm but does not impose personal liability upon the directors assenting to or making the loan, while section 922, Code 1906, on the contrary, does not forbid a loan of more than one-fifth of' its capital stock to any one person generally, but does forbid such excessive loan being made to an officer or director and imposes personal liability upon the directors authorizing the loan.

2. SAME.
    These statutes are innovations on the common law and must be strictly construed and a creditor or party complaining must bring himself within the express terms of the statutes.

3. BANKS AND BANKING. *Directors. Statutory liability. Pleading.*
    Where a bill in chancery against the directors of an insolvent bank charged upon ·information and belief that notes 'representing loans in excess of one-fifth of the capital of the bank made to a director after his resignation was either signed or delivered while he was a director, or that the loan had been agreed on while he was a director, and the notes subsequently executed, this was not sufficient to show liability under Code 1906, section 922, imposing individual liability upon bank directors who authorized a loan of more than one-fifth of its capital stock to an officer or director; since the bill affirmatively shows that no loan was made during his directorship while the statute was in force.

APPEAL from the chancery court of Wilkinson county. HON. R. W. CUTRER, Chancellor.

Suit by J. S. Joseph, receiver against D. C. Bramlette and others. From a decree overruling demurrers to the bill, defendants appeal.

· The facts are fully stated in the opinion of the court.

*Green & Green* and *Ackland H. Jones,* for appellants.

*Longino & Ricketts,* for appellee.

Stevens, J., delivered the opinion of the court.

I. S. Joseph, as receiver of the bank of Woodville, an insolvent banking establishment, the estate of which is being administered by the chancery court of Wilkinson county, exhibited his bill of complaint in this cause against the directors of the bank, seeking to recover losses alleged to have been sustained by reason of certain loans made by the directors to Chas. Cohen, a fellow director, in excess of one-fifth of the capital stock of said bank. The bill avers that the suit is brought by authority of the chancery court, appointing and having jurisdiction of the receiver, names and sets out the directors serving each year from February 12, 1903, until January 16, 1907, and details various loans made to Mr. Cohen while he was a director, and charges that the bank suffered losses aggregating fifteen thousand, one hundred and thirty-two dollars and seventy-six cents. It is averred in the bill that Mr. Cohen was indebted to the bank in the sum of five thousand dollars when he became a director for money loaned to him; that the capital stock of the bank was twenty thousand dollars; that other loans, statement of which is filed as an exhibit to the bill, were made to Mr. Cohen from the time he was elected a director until January 16, 1907, when he resigned from the board of directors; and that at the time of his resignation he was indebted to the bank in the sum of twenty thousand, eight hundred and sixty-five dollars and sixty-four cents for money so loaned. It appears from the statement, filed as Exhibit A, that certain loans were made Mr. Cohen after he resigned as director, and that total payments or credits aggregate seven thousand, eight hundred and nineteen dollars, and forty-four cents. The bill charges that on or about January 20, 1909, the officers and directors of the bank abandoned all efforts to collect the balance of fifteen thousand, one hundred and thirty-two dollars and seventy-six cents then remaining due and unpaid, and caused to be entered on the books of the bank, in the bills receivable account, under the name of ''Jonas Cain and others.''

a charge of the amount then due; that thereafter Mr. Co-
hen offered a composition to his creditors in settlement
of all claims; that this composition was agreed to by
the officers of the bank, and reported to and ratified by
the board of directors; and that after making the said
composition the said Cohen was fully insolvent.    It  is
charged that Mr. Cohen was so completely insolvent that,
had not said composition been accepted, he would have
filed a voluntary petition in bankruptcy.    The complain-
ant, by leave of court, filed an amended bill, which goes
more into detail in listing various loans 'made to Mr.
Cohen, and giving the names and tenure of the various
directors, including the statement of the time served by
Mr. Cohen himself, and in a general restatement of ma-
terial charges contained in the original bill.    In addition
to the detailed account of all the Cohen transactions with
the bank, the amended bill avers that the directors and
officers of the bank also loaned to one Ben Rothschild ten
thousand, nine hundred dollars when the capital stock of
the bank was only twenty-thousand dollars and when
the largest loan that could lawfully be made any person
out of the funds of the bank was four thousand dollars;
that by reason of the making of said excessive loan to
Rothschild the bank suffered a loss, the exact amount of
which is unknown to complainant, but which is in excess
of three thousand, nine hundred and ninety dollars and
sixty-seven cents.    The bill seeks to hold the officers and
directors personally liable for losses sustained by rea-
son of the various loans to Mr. Cohen, as also the loss
sustained on account of the alleged excessive loan to Mr.
Rothschild.    The Bank of Woodville, according to the
averments of the bill, is totally insolvent, and its receiver,
acting under order of the court, claims the right to re-
cover from the directors for the benefit of creditors loans
made in violation of section 851 of the Code  of  1892.
From the detailed statement of the loans made to Mr. Co-
hen, it appears affirmatively that no loan was made to him
between October, 1906, when the Code of 1906 became ef-

fective, and the time he resigned as director, January 16, 1907. It appears that several loans were made Mr. Cohen on January 21, 1907, after he had resigned as a director and the bill, in a way, charges upon information and belief that the notes representing these loans were either signed and delivered while Cohen was a director, or that the loan had been agreed upon while he was a director, and the notes subsequently executed after he had severed his relationship with the bank as director.

Separate and special demurrers were filed to the amended bill. The demurrers were overruled, and from the decree overruling the several demurrers to the whole bill the chancellor granted an appeal to settle the principles of the cause. For the purposes of this opinion it is unnecessary to detail the various grounds of the demurrers, some of which are directed to the whole bill, and others separately to the Cohen transactions and the Rothchild transactions.

The theory of the complainants' bill seems to be that under section 851 of the Code of 1892, it is unlawful for a bank of deposit to lend more than one-fifth of its capital stock to any one person or firm, and that the directors assenting to such loan are individually liable to creditors whose debts were contracted before the repayment of the money borrowed. It is certainly true that this section expressly provides that "a bank of deposit shall not loan a sum greater than one-fifth of its capital to any one person or firm," but the section does not expressly impose personal liability upon the directors assenting to or making the loan. There is a manifest difference between section 851 of the Code of 1892 and the same section reenacted as section 922, Code 1906. The provision in the Code of 1892 makes it unlawful for a bank of deposit to lend more than one-fifth of its capital stock to any one person or firm, but imposes no penalty for a violation of the law. The Code of 1906, on the contrary, does not forbid a loan of more than one-fifth of its capital to any person generally, but does forbid such excessive loan

being made to an officer or director, and imposes personal liability upon the directors authorizing the loan. Our court has held that these statutes are innovations on the common law, and should be strictly construed. In other words, the creditor or party complaining must bring himself within the express terms of the statutes. In the instant case the receiver is asking the court to read into section 851 a provision that the directors violating the statute are personally liable to creditors whose debts were contracted before the repayment of the money borrowed. The effort here is to recover a statutory liability. This is not a suit to charge the directors with gross negligence in the performance of their official duties; but the prayer of the bill is bottomed upon the statute mentioned. To grant the relief prayed for would be to give to section 851, Code 1892, a liberal, instead of a strict construction; in fact, it would approximate, if, indeed, it would be, outright judicial legislation. We are not in this case called upon to say what the rights of the complainant would be under section 922, Code 1906, which expressly imposes personal liability upon the directors for making an excessive loan to one of their fellow directors. The facts do not bring this case under the terms of section 922, Code 1906. It is true there is a stagger at a showing that the directors are liable under the provisions of the present Code for the loans made to Mr. Cohen January 21, 1907; but the allegations of the bill in this regard are not sufficient. Even though Mr. Cohen, after the adoption of the Code of 1906, might have resigned as a director, with the express purpose of being in position to borrow large sums of money from the bank, and did contract the loans mentioned by the bill of date January 21, 1907, we cannot say this would constitute fraud. During the time from October 1, 1906, to January 16, 1907, when the directors might have rendered themselves individually liable for excessive loans to Mr. Cohen, the bill affirmatively shows that no loan was made;

and, this being true, the bill as a whole, so far as the Cohen transactions are concerned, states no cause of action whatever against appellants.

What we have said with reference to the loans to Mr. Cohen disposes also of the complaint based upon the excessive loan to Mr. Rothchild. This loan was negotiated while the Code of 1892 was effective; and, while it was made against the plain provisions of the statute, no statutory liability was incurred by the directors. The liability did not exist at common law; but, on the contrary, the statute invoked "is new and unknown to the common law," as stated by our court in *Avery* v. *McClure,* 94 Miss. 184, 47 So. 901, 22 L. R. A. (N. S.), 256, 19 Ann. Cas. 134. We are not called upon to speculate as to what remedy would be afforded any interested party for the violation of section 851 of the Code of 1892. It is certain that the state could by proper proceeding complain at the corporation as such. The evident defect in the older statute has been cured by the additional provisions of the present Code as well as the state banking act of 1914. Laws 1914, page 124.

The decree of the court below is contrary to the views here expressed, and accordingly should be reversed and set aside, and a decree entered here in favor of appellants sustaining the demurrers and dismissing the bill.

*Reversed.*